N THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELMER L. CHAVIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) CIVIL ACTION NO. 1:05-CV-1208-MEF |
| | ) [WO] |
| | ) |
| JOE HERRING, JR., | ) |
| | ) |
|     Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Elmer L. Chavis ["Chavis"], a county inmate, complains that his attorney provided ineffective assistance during proceedings related to his state criminal case.

Upon consideration of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

Chavis complains that "on March 19, 2004, [defendant Herring] waived my preliminary hearing against my consent in a Houston County courtroom." *Plaintiff's Complaint* at 3. Chavis further complains that the defendant "openly discussed the nature

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

of my case to some one other than myself without my consent." *Id*.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527 (1981). Neither an attorney retained by a criminal defendant nor one appointed by the court to represent a defendant during state criminal proceedings acts under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Since the conduct about which the plaintiff complains was not committed by a person acting under color of state law, the § 1983 claims asserted by the plaintiff against defendant Herring are frivolous as they lack an arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Such claims are therefore due to be summarily dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). It is further

ORDERED that on or before January 19, 2006 the parties may file objections to the

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th  day of January, 2006.

                                                **/s/ Delores R. Boyd**
                                                DELORES R. BOYD
                                                UNITED STATES MAGISTRATE JUDGE